### GOLDING et al. v. RUSSELL.

(Supreme Court, Appellate Division, Fourth Department. March 3, 1909.)

SALES (§ 445*)—BREACH OF WARRANTY—TAKING CASE FROM JURY.

    Though the evidence showed that a press such as the one sold by plaintiff was warranted to be was worth $500 or more, and that it was not worth more than $100 if in the condition in which defendant claimed it was, damages to the extent of $400, the purchase price, are not conclusively shown, plaintiff's proof tending to show that it was not in the condition claimed by defendant, so that direction of verdict for defendant was error.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1306; Dec. Dig. § 445.*]

Appeal from Trial Term, Erie County.

Action by William H. Golding and another against Charles B. Russell. From a judgment for defendant and from an order denying a motion for new trial on the minutes, plaintiffs appeal. Reversed, and new trial ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Frederick O. Bissell, for appellants.
Charles C. Farnham, for respondent.

KRUSE, J. The plaintiffs seek to recover the purchase price of $400 for a printing press, sold and delivered by them to the defendant. The defendant does not dispute the plaintiffs' claim, but sets up a counterclaim for a breach of the warranty of the press, contending that the damages sustained by him thereby equal the purchase price of the press. He asks to offset his damages against the purchase price, and demands judgment for a dismissal of the complaint.

Had the jury found a verdict for the defendant, it could be sustained upon the evidence, but the learned trial judge, after submitting the case to the jury, and after the failure of the jury to agree upon a verdict, directed it to find a verdict for the defendant and dismissed the complaint. We think the evidence was not so clear and undisputed as to warrant the direction of a verdict.

The charge to the jury is contained in the record, and is a clear and correct statement of the questions of fact in dispute, and of the rule of damages for the breach of the warranty. The defendant saw the press before purchasing. It was secondhand, but the plaintiffs agreed to overhaul and put it in good working order. It was stated to be a particularly good press, the distribution excellent, and guaranteed to be in first-class working order, complete, with full set of glass rollers and other specified attachments and parts. The press was then in Bos-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ton. It is claimed on behalf of the plaintiffs that the press was overhauled and put in such condition as to answer the requirements of the warranty. It was shipped to the defendant, but, as contended by him, and as the proof on his behalf shows, it was soon discovered to be deficient, not in good working order, and, as some of the witnesses say, practically worthless.

The testimony on behalf of the defendant is to the effect that, if the press had been in good working order, it would have been worth from $500 to $600, and in the condition it actually was, worth not more than $100. Some of the witnesses testified that it was worthless except for old iron or junk. On behalf of the plaintiffs, the evidence on the question of value is unsatisfactory. The inference therefrom is that the press was worth the purchase price, or more, based, of course, upon the claim that the press was as warranted. It is argued on behalf of defendant that the evidence conclusively shows that the difference between the value of the press as warranted and the value as it actually was is at least as much as the purchase price of the press. The fallacy of this argument is apparent when it is remembered that the actual condition of the press was in dispute; the plaintiffs contending that the press was in good working order and up to the warranty, while the defendant claimed otherwise.

The plaintiffs were not concluded by the testimony of the defendant's witnesses, either upon the question of the actual condition of the press or upon the value. Assuming that the evidence shows that a press, such as this was warranted to be, was worth $500 or $600, and that it was worth not more than $100 if in the condition in which the defendant claimed this to be, it does not follow that the defendant conclusively established that he had sustained damages to the extent of $400, the purchase price of the press, since the proof on the part of the plaintiffs tended to show it was not in the condition claimed by the defendant.

We think the learned trial judge correctly submitted to the jury in the first instance the questions for its determination, but erred in subsequently directing the jury to find a verdict for the defendant.

The judgment and order should therefore be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.